**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY J. DAVIS,

      Plaintiff-Appellant,

v.

MICHAEL ROARK and Board of
Correction Members, JAMES
SAFFEL, Department of Corrections
Director, BOBBY BOONE, Warden,
FRANK KEATING, Governor,

      Defendants-Appellees.

No. 01-7014
(D.C. No. 99-CV-576-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Henry J. Davis ("Davis"), a prisoner in Oklahoma's

Mack Alford Correctional Center ("MACC"), appeals the district court's

dismissal of his civil rights complaint. Davis sued Michael Roark, director of the

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Oklahoma Board of Corrections; the members of the Board of Correction; James Saffel, director of the Department of Corrections Director; MACC Warden Bobby Boone; and Oklahoma Governor Frank Keating (collectively "Defendants"). Davis's complaint alleged Defendants discriminated against him, and that they committed unspecified hate crimes against him. (Doc. 2 at 1.) Davis's complaint alleges violations of 42 U.S.C. § 12132 (exclusion from participation in programs or services of a public entity), 42 U.S.C § 1981 (denial of equal rights to make and enforce contracts), 42 U.S.C. § 1985(3) (conspiracy to interfere with civil rights), 18 U.S.C. § 242 (deprivation of rights under color of law because of race or status as an alien), and 18 U.S.C. § 1962 (racketeering). (Doc. 2 at 1-2.) The only specific factual allegations offered to support these claims is that he was double-celled with another inmate in violation of the Eight Amendment, and that he was denied the opportunity to accrue time credits against his sentence pursuant to the Oklahoma Prison Overcrowding Act, Okla. Stat. tit. 57 §§ 570-576. (Doc. 2 at 2.)

Davis further alleges that amendments to Oklahoma's "CAP" law to exclude prisoners suffering from unspecified disabilities constituted an unconstitutional ex post facto law or bill of attainder. (Doc. 2 at 3.)[1] Davis's

_____

[1]The factual basis for Davis's claim of discrimination is not entirely clear from his complaint. In his complaint, Davis attributes poor treatment he allegedly
(continued...)

- 2 -

third claim appears to restate his Eight Amendment objection to forced double-celling of prisoners, and alleges that Defendants have violated a state-law requirement that prisons provide 120 feet of space per prisoner. Davis sought damages of $100 per day and a variety of forms of injunctive relief.

The district court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), finding that it lacked any basis in law or fact and therefore was frivolous. (Doc. 22 at 5.) In reaching its judgment, the court considered the pleadings and motions before it as well as a special report prepared by the Oklahoma Department of Corrections at the court's direction. (Id. at 1.) We review a district court's determination that a case is frivolous for purposes of § 1915(e)(2)(B)(i) for abuse of discretion. See Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997).

In considering Davis's appeal, we are cognizant of his status as a pro se litigant, and therefore we liberally construe the allegations of his complaint. See Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999). "This court, however, will not supply additional factual allegations to round out a plaintiff's complaint

---

[1](...continued)
received in prison to his poverty and his exclusion from political processes that occurred as a result of his criminal convictions. (Doc. 2 at 2.) The district court also noted that Davis is a diabetic, but found that the DOC had not been restricted from job assignments or educational opportunities because of diabetes. (Doc. 22 at 2.)

or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).[2]

We affirm the district court's dismissal of these claims for substantially the reasons set forth in its order. To the extent that Davis seeks to demonstrate his entitlement to a reduction of his sentence, he must bring an action for habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1972) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Further, to the extent that Davis seeks damages for violations of his federal rights, he runs afoul of 42 U.S.C. § 1997e(a), which states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Davis has not alleged that he has made any effort to seek redress through state

---

[2]The principle thrust of Davis's brief on appeal asserts that the DOC's policy of double-celling prisoners constitutes double jeopardy. In addition, he alleges additional claims pursuant to the Fifth, Sixth, Thirteenth, and Fourteenth Amendments as well as Okla. Stat. tit. 57 § 138. Because these claims were not asserted in his complaint, we do not consider them on appeal. Cf. Walker v. Mather, 959 F.2d 894, 896 (10th Cir. 1992) (In general, this court will not consider an issue on appeal that was not raised below).

administrative processes. The DOC's report reviewing the factual background for Davis's claims finds that he unsuccessfully filed a grievance within the MACC contesting the denial of CAP credits. (Doc. 14.) Davis filed a second grievance with Lindsey E. Sharp of the Oklahoma DOC's Administrative Review Unit, which was returned to him unanswered because of procedural defects. (Id.) Although the record does not reflect precisely how Davis failed to comply with the state's procedural requirements for administrative review, it clearly establishes that his attempts to do so were deficient, and therefore that he is barred from seeking relief pursuant to 42 U.S.C. § 1997e(a).[3]

Accordingly, we AFFIRM the district court's conclusion that Davis's complaint is frivolous.

---

[3]In addition to the foregoing analysis, the district court correctly held that Davis's claim for damages arising from his unconstitutional incarceration fails because his conviction has not been called into question through any state or federal procedure, and therefore he cannot establish entitlement to damages for his incarceration under 42 U.S.C. § 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Likewise, we concur with the district court's finding that Davis has not alleged sufficient facts to connect these individual Defendants to his alleged injuries for the purposes of bringing a § 1983 claim. Cf., e.g., Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000) ("Under § 1983 a defendant may not be held liable under a theory of respondeat superior. Instead, to establish supervisory liability, a plaintiff must show that an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." (citations and quotations omitted)).

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge