F I L E D
United States Court of Appeals
Tenth Circuit

DEC 30 1999

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MAE LEE HUNT; LINDA VISSAT,
Co-Administrators of the Estate of
Jody Mapp,

        Plaintiffs-Appellants,

v.

JUDY UPHOFF, individually and in
her official capacity as Wyoming
Department of Corrections Director;
JAMES FERGUSON, individually
and in his official capacity as
Wyoming Department of Corrections
State Penitentiary Warden; JIM
DAVIS, individually and in his
official capacity as Wyoming
Department of Corrections State
Penitentiary Health Care
Administrator; JOHN PEERY,
individually and in his official
capacity as Wyoming Department
of Health Services Administrator;
DR. ENGLESJERD, in his individual
capacity and as Wyoming Department
of Corrections State Penitentiary
Medical Doctor; DR. PAUL LONG,
in his individual capacity and as
Wyoming Department of Corrections
State Penitentiary Medical Doctor;

No. 98-8073

DR. ZANNY REIMER, individually and in his official capacity as Wyoming Department of Corrections Honor Conservation Camp Doctor; DR. MIKE JORDING, individually and in his official capacity as Wyoming Department of Corrections Honor Conservation Camp Doctor; DR. KENNETH WILLIAM SCHULZE, individually and in his official capacity as Wyoming Department of Corrections State Penitentiary Medical Doctor,

Defendants-Appellees.

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING**
**(D.C. No. 97-CV-268)**

Submitted on the briefs:

Walter Urbigkit of Frontier Law Center, Cheyenne, Wyoming, for Plaintiffs-Appellants.

Lori L. Gorseth, Office of the Attorney General, Cheyenne, Wyoming, for Defendants-Appellees.

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

**MURPHY** , Circuit Judge.

This appeal is taken from an order of the district court dismissing a verified civil rights complaint filed pursuant to 28 U.S.C. § 1983 by Jody Mapp, who was at the time an inmate at the Wyoming State Penitentiary. [1] In his complaint, Mr. Mapp sought damages and injunctive relief, alleging the denial of medical care in violation of the Eighth Amendment to the United States Constitution. See Appellant's App., Vol. I at 1-14. Specifically, he contended that prison officials had shown deliberate indifference to two serious medical needs--diabetes and hypertension. See id. at 5. The magistrate judge, upon determining that Mr. Mapp had alleged imminent danger of serious physical injury, [2] granted leave to proceed in forma pauperis in December of 1997. See 28 U.S.C. § 1915(g).

Mr. Mapp filed numerous subsequent pleadings, including an application for a temporary restraining order/preliminary injunction, see Appellant's App., Vol. I at 43-50; a motion for limited discovery, see id. at 51-52; a request for production of documents (primarily those relating to his and other inmates' medical care), see id. at 81-85; a "request for judicial notice," and an addendum

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] The magistrate judge also found that Mr. Mapp had on three or more prior occasions, while incarcerated, brought an action or appeal that was subsequently dismissed as frivolous or for failure to state a claim. See Appellant's App., Vol. I at 38.

-3-

thereto, detailing his inability to secure needed medical treatment and the consequences, which included temporary blindness, denial of insulin for over a year, and improper diet, see id. at 86-101; and an opening brief, see id. at 105-116. He also filed several affidavits in support of his claims, see id. at 26-32, 120-21, 130-37.

In March of 1998, Mr. Mapp moved for a court ordered physical examination. See id. at 117-119. In his accompanying affidavit, he claimed that his life was in danger because of the indifference of defendants to his medical problems. Mr. Mapp also expressed fear of losing his sight, potential limb amputations, and heart problems associated with the diabetes and hypertension. See id. at 120-121.

Also in March, the magistrate judge granted Mr. Mapp's motion to compel discovery. See id. at 122-23. That order was vacated a week later with the notation that defendants had not been served with the complaint, see id. at 125, which was the last action taken by the magistrate judge in this case. The following month Mr. Mapp underwent quadruple open heart bypass surgery. See id. at 196.

In August, the district court dismissed the complaint for failure to state a claim for relief and for failure to pay the filing fee, [3] having determined that Mr. Mapp's allegations amounted to a mere disagreement as to his medical treatment, not giving rise to a constitutional cause of action. See id. at 145-151.

Mr. Mapp filed a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), along with a statement of disputed facts, an affidavit and a memorandum, see id. at 152-172, arguing that the district court had improperly resolved disputed issues of fact. He also tendered an amended complaint. Mr. Mapp died in the prison infirmary on October 31, 1998, of acute blockage of the coronary artery bypass graft. See Appellant's Br. at 4. The district court subsequently denied the motion to alter or amend and leave to submit an amended complaint. See id. at Appendices E and F.

We have substituted the co-administrators of Mr. Mapp's estate as appellants. We review the dismissal of Mr. Mapp's complaint de novo. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999) (holding standard of review of complaint dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is de novo).

---

[3] The claims dismissed for failure to pay the filing fee involved alleged complications from a cyst removal and a 1996 head injury, both of which the district court determined failed to show imminent danger of serious injury.

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. Further, we must liberally construe the allegations of a pro se complaint.

See id. (citations omitted).

Here, the district court recognized that Mr. Mapp had alleged that his medical needs were serious, but concluded that Mr. Mapp had "failed to allege a factual basis to establish that the defendants were deliberately indifferent to his health." See Appellant's App., Vol. I at 148. We disagree. Mr. Mapp alleged that a heart attack he suffered in August of 1997 and the subsequent bypass surgery were caused by the inadequate treatment he received for his diabetes and hypertension. See id. at 140-41. He alleged that in June of 1996 he was denied insulin by a doctor even though it had been earlier prescribed for him by another prison doctor. See id. at 130. He further claimed that this denial lasted over a year, see id. at 131, and that he was only able to obtain it as a result of an apparent heart attack in 1997, see id. The district court so noted in the statement that "he [Mr. Mapp] states that Dr. Long did not believe there was a need for insulin, but that he [Mr. Mapp] was later given insulin." See id. at 149. However, Mr. Mapp further contended that once he was released from the hospital

-6-

back to the prison (apparently after a three-day stay), insulin was again denied him. See id. at 131.

Mr. Mapp also alleged that certain medically recommended procedures were not performed, see id. at 118, 132; that he was denied proper diagnosis and treatment because of the lack of a primary care physician employed at the prison, see id. at 135; that special diets prescribed for him were not provided, see id. at 135-36; that prescribed medication was confiscated by prison officials, see id. at 136; and that he was not treated for elevated blood sugar (caused by the diabetes) or his chronic hypertension, see id. at 108.

We cannot agree with the district court that the facts as alleged by Mr. Mapp, which we must at this stage of the proceedings accept as true, reflect a "mere disagreement with his medical treatment," not giving rise to a constitutional claim. See id. at 149. Nor does the fact that he has seen numerous doctors necessarily mean that he received treatment for serious medical needs, i.e., that treatment was prescribed at all or that prescribed treatment was provided.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody. This is true whether the indifference is manifested by prison doctors responding to the prisoner's needs or by guards'

intentionally delaying or denying access to medical care that has been prescribed.

See Estelle v. Gamble , 429 U.S. 97, 104-106 (1976).

Deliberate indifference has both an objective and subjective component.

See Farmer v. Brennan , 511 U.S. 825, 834 (1994). The medical need must be

sufficiently serious to satisfy the objective component,    see id. We have held that

a medical need is sufficiently serious "if it is one that has been diagnosed by

a physician as mandating treatment or one that is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention."    Ramos v.

Lamm , 639 F.2d 559, 575 (10th Cir. 1980) (further quotation omitted).

In terms of the subjective component, i.e., the requisite deliberate

indifference, a plaintiff must establish that defendant(s) knew he faced a

substantial risk of harm and disregarded that risk, "by failing to take reasonable

measures to abate it."   See Farmer , 511 U.S. at 847. The Eighth Amendment also

protects against future harm to an inmate.    See Helling v. McKinney , 509 U.S. 25,

33 (1993).

> Under these standards, delay in providing medical care may
> constitute a violation of the Eighth Amendment.    See, e.g. , Thomas v.
> Town of Davie , 847 F.2d 771, 772-73 (11th Cir. 1988) (concluding
> that an automobile accident victim stated an Eighth Amendment
> claim against police officers for delay in obtaining medical care
> when the victim obviously needed immediate medical attention
> and his condition was deteriorating). Delays that courts have
> found to violate the Eighth Amendment have frequently involved
> life-threatening situations and instances in which it is apparent that
> delay would exacerbate the prisoner's medical problems.    See Hill v.

-8-

Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 & n. 21 (11th Cir. 1994) (collecting cases). Officials may also be held liable when the delay results in a lifelong handicap or a permanent loss. See id. at 1188.

See Grant v. Bernalillo County Detention Ctr., No. 98-2193, 1999 WL 157415 at **2 (10th Cir. March 23, 1999) (unpublished disposition).

On the present state of the record, without any response by the defendants, we cannot conclude that Mr. Mapp failed to allege sufficient facts to state an Eighth Amendment claim.

Accordingly, the judgment of the district court is REVERSED, and the matter is REMANDED to the district court for further proceedings.