**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bruce Derek SPRING, Defendant–
Appellant.**

**No. 01–4025.**

United States Court of Appeals,
Tenth Circuit.

Oct. 5, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.*

ORDER AND JUDGMENT **

PAUL KELLY, Jr., Circuit Judge.

Mr. Spring, an inmate proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the district court's denial of his 28 U.S.C. § 2255 motion. Mr. Spring was convicted of eleven counts of bank robbery and firearms offenses for his acquisition of a firearm and participation in a series of bank robberies in Utah and Colorado. *United States v. Spring,* 80 F.3d 1450, 1453 (10th Cir.1996). We have jurisdiction under 28 U.S.C. §§ 1291 & 2253(c), and deny Mr. Spring's COA application and dismiss his petition.

Mr. Spring was sentenced as a career offender under U.S.S.G. § 4B1.1, *Spring,* 80 F.3d at 1462, and received 802 months of imprisonment and was ordered to pay $30,996.07 in restitution. *Id.* at 1455. On

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal, we affirmed on all counts, except for one which was reversed and remanded for a new trial. *Id.* at 1466. The government dismissed the remanded count, and the judgment was amended accordingly. I R. doc. 31 at 1.

On January 12, 1998, Mr. Spring filed a federal habeas petition, 28 U.S.C. § 2255. I R. doc. 1. In his petition, Mr. Spring asserted three related claims: (1) that there was insufficient evidence to support his conviction of Counts 6 through 9, (2) that appellate counsel was ineffective for failing to raise this claim on appeal, and (3) that appellate counsel was ineffective for failing to argue that the 28 U.S.C. § 924(c) jury instructions were incorrect. I R. doc. 3, at 5 13. Subsequently, Mr. Spring filed a plethora of motions with the court: (1) a motion for appointment of counsel, I R. doc. 15, (2) a motion for modification of the restitution order, I R. doc. 19, (3) a motion "questioning the federal jurisdiction of bank robbery," I R. doc. 20, (4) a motion for "release from custody and a stay of restitution payments pending habeas corpus," I R. doc. 21, (5) a motion for "the appointment of a paralegal service," I R. doc. 22, (6) a motion for trial transcripts, I R. doc. 23, (7) a motion "questioning the amount of the restitution order," I R. doc. 24, (8) a motion for evidence, I R. doc. 25, (9) a motion for grand jury transcripts, I R. doc. 26, (10) a motion "requesting in which constitutional jurisdiction this court was acting under in criminal case," I R. doc. 27, (11) a motion to compel, I R. doc. 28, and, finally, (12) a motion requesting an evidentiary hearing, I R. doc. 29.[1] On September 10, 1999, the district court denied Mr. Spring's motion for appointment of counsel. I R. doc. 17. On December 8, 2000, the court denied Mr. Spring's petition. I R. doc. 31, at 9. The court concluded that there was sufficient evidence to support Mr. Spring's conviction for counts 6 through 9 and that, therefore, Mr. Spring's ineffective assistance of appellate counsel claim failed for lack of prejudice. *Id.* at 5–9. The court also denied each of Mr. Spring's remaining motions, *id.* at 9, including Mr. Spring's motion for reconsideration of the district court's order denying Mr. Spring's motion for appointment of counsel. I R. doc. 18. The court concluded that the motions were "either moot or without merit." I R. doc. 31, at 9. Mr. Spring now appeals the district court's denial of his petition and motions.

We must first consider whether a COA should issue. Because the district court did not address the issue, the district court is deemed to have denied a COA. General Emergency Order of October 1, 1996. A COA should issue only if Mr. Spring has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, Mr. Spring must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Because Mr. Spring appears pro se, we liberally construe his pleadings. *Hunt v. Uphoff,* 199 F.3d 1220, 1223 (10th Cir. 1999).

---

**1.** In this motion, Mr. Spring argued that appellate counsel was ineffective for failing to also argue that Mr. Spring could not be sentenced as a career offender because two of his prior state convictions had been dismissed, failing to raise *United States v. Tolliver,* 61 F.3d 1189 (5th Cir.1995), failing to argue prosecutorial misconduct, failing to argue that Mr. Spring's co-conspirator was a minor "that was never certified by the attorney general and thus all photo's, surveil[l]ance footage, et cetera that was used at trial was illegally used, and failing to argue that a fingerprint introduced into evidence in support of Count 3 of the indictment was unreliable. I R. doc. 29, at 2–3.

Mr. Spring cites a litany of grounds for the issuance of a COA. We decline to consider those alleged errors which Mr. Spring failed to raise in his habeas petition to the district court.[2] *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir.1992). We also decline to consider Mr. Spring's argument that the district court "illegally ordered [Mr. Spring] to pay restitution" because "payment [was] established by the B.O.P.," Pet. Br. at 3, and that he was "sentenced to pay restitution to parties that [he] was not indicted for." *Id.* at 2. This claim is procedurally barred because Mr. Spring failed to raise this argument on direct appeal[3] and has not shown cause or demonstrated a fundamental miscarriage of justice would result if we do not consider the claim. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). We there-fore address only one issue raised in Mr. Spring's COA application:[4] that appellate counsel was ineffective for failing to argue that Mr. Spring was not a career offender because two of his prior seven state convictions, *see Spring*, 80 F.3d at 1455 n. 2, upon which his career offender status was premised, were dismissed twenty days after he was sentenced. Pet. Br. at 3, 14–15. We agree with the district court that this claim is meritless. Other than his conclusory allegation, Mr. Spring provided no evidence as to which of his seven prior convictions were dismissed and has provided absolutely no evidence supporting his allegation that *any* of the convictions were in fact dismissed. Accordingly, Mr. Spring suffered no prejudice by appellate counsel's failure to raise this claim on appeal, and, for this same reason, appellate counsel was not ineffective. *United States v.*

2. Specifically, Mr. Spring asserts in his COA application (1) a double jeopardy violation (insofar as he was charged with three separate counts of violating 18 U.S.C. § 924(c)), Pet. Br. at 3, 15; Pet. Supp. Br. at 3 (filed May 24, 2001), (2) prosecutorial misconduct, Pet. Br. at 3, 15, (3) insufficiency of the evidence, *id.* at 3, (4) ineffective assistance of trial counsel, *id.* at 3, 15, Pet. Supp. Br. at 5, (5) ineffective assistance of appellate counsel (insofar as counsel failed to argue that Mr. Spring's double jeopardy rights had been violated), Pet. Br. at 15, (6) actual innocence, *id.* at 17, Pet. Supp. Br. at 1, 7, (7) judicial bias, Pet. Supp. Br. at 2–3, (8) unreliable fingerprint evidence, *id.* at 5, (9) that he was questioned by an undercover officer outside of the presence of counsel, *id.* at 7, (10) that he should not have been sentenced as a career offender because two of his prior state court convictions were dismissed, Pet. Br. at 3, 14, and (11) other evidentiary issues. Pet. Supp. Br. at 6. Mr. Spring did not raise any of these issues in his habeas petition to the district court. We do, however, address Mr. Spring's claim that he should not have been sentenced as a career offender in our analysis of his ineffective assistance of appellate counsel claim.

3. Mr. Spring argued only that he should not be required to pay the full amount of restitu-tion for the robbery of a Fruita, Colorado bank. *Spring*, 80 F.3d at 1463.

4. Notably, Mr. Spring does not argue, as he did in his habeas petition filed in district court, that there was insufficient evidence to support Counts 6 through 9 or that appellate counsel was ineffective for failing to argue insufficient evidence for these counts. Nor does Mr. Spring argue that appellate counsel was ineffective for failing to argue prosecutorial misconduct, that Mr. Spring's co-conspirator was a minor "that was never certified by the attorney general and thus all photo's, surveil[l]ance footage, et cetera that was used at trial was illegally used," or that a fingerprint introduced into evidence in support of Count 3 of the indictment was unreliable. I R. doc. 29, at 2–3.

Even if Mr. Spring asserted insufficient evidence and ineffective assistance of appellate counsel as bases, we would deny Mr. Spring a COA. We have obtained the trial transcript and agree with the district court that there was sufficient evidence to support Mr. Spring's conviction of Counts 6 through 9. Therefore, it necessarily follows that appellate counsel was not ineffective. *United States v. Cook*, 45 F.3d 388, 393 (10th Cir.1995).

*Cook,* 45 F.3d 388, 393 (10th Cir.1995). Mr. Spring has therefore not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Accordingly, Mr. Spring's motion to proceed in forma pauperis is GRANTED, his COA application is DENIED, and his habeas petition is DISMISSED. Mr. Spring's motion for appointment of counsel is also DENIED.