**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

GARY ANTHONY COLE,

    Plaintiff - Appellant,

v.

MARY ANN TOWNSEND,

    Defendant - Appellee.

No. 02-1253
D.C. No. 01-Z-2506
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

    After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    This is an appeal of the denial of a prisoner civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Appellant alleges that Appellee Deputy Regional Commissioner

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for Social Security made false statements and presented false documents as a witness in Appellant's criminal case. Based on these allegations, Appellant claims violations of his First, Fifth, Eighth and Fourteenth Amendment rights and seeks injunctive relief and monetary damages. The district court dismissed the complaint without prejudice for failure to state a claim for which relief can be granted. The district court subsequently denied Appellant's motion to reconsider. Appellant appealed both the dismissal of his case and the denial of his motion.

We review the dismissal of the complaint de novo and the denial of the motion to reconsider for abuse of discretion. See Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999); Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992).

Appellant's success on the merits of this case would necessarily imply the invalidity of his criminal conviction. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Heck, 512 U.S. at 486-87.

Appellant has failed to show that his conviction has been reversed or

declared invalid. He points to the fact that the Fifth Circuit reversed the trial court's denial of his 28 U.S.C. § 2255 motion. However, that decision merely sent the case back to the United States District Court for the Northern District of Texas for development of the record and a potential evidentiary hearing concerning Appellant's competence and his claim of ineffective assistance of counsel. See United States v. Cole, 135 F.3d 1410 (5th Cir. 1997) (unpublished). Neither that decision nor any other has invalidated or reversed Appellant's conviction. Appellant has, pursuant to Heck, failed to state a claim for which relief can be granted.

Based on our conclusion that the dismissal was not in error, we further conclude that the district court did not abuse its discretion in denying Appellant's motion to reconsider. During the pendency of this appeal, we received a letter from Appellant requesting that he be permitted to withdraw his appeal and refile it at a later date once he obtains counsel. Because we are simply affirming a dismissal without prejudice, our affirmance will not produce any further prejudice in bringing a subsequent action. We therefore **DENY** his request.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge


-3-