**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLAYTON SHANNON FANCHER,

Petitioner - Appellant,

v.

MARTY SIRMONS, Warden,

Respondent - Appellee.

No. 02-6329
D.C. No. CIV-02-167-L
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

In 1991, Petitioner - Appellant Clayton Shannon Fancher was convicted in Oklahoma state court of conspiracy to traffic in amphetamines and trafficking in methamphetamine. He was sentenced to 27 ½ years imprisonment for each count. Fancher did not directly appeal his conviction, but on September 14, 2001, he filed a petition for a writ of habeas corpus in the District Court of Oklahoma

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

County. That petition was denied, and he appealed the denial to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA concluded that it had no jurisdiction to hear Fancher's appeal because it was not filed within 30 days of the state district court order denying his habeas petition.

Proceeding pro se, Fancher filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma on February 11, 2002, citing 28 U.S.C. § 2254 as the statutory basis for his petition. The district court properly considered his petition as arising under 28 U.S.C. § 2241 because Fancher is challenging the execution of his sentence, not the validity of his conviction. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000); (Magis. Rep. & Recommendation at 1 n.1.). According to the Magistrate's Report and Recommendation, Fancher's petition raised two issues: (1) that the repeal of the Oklahoma Prison Overcrowding Emergency Powers Act, Okla. Stat. tit. 57, § 570 (1991) (repealed 2001) (the "Act"), operated as a ex post facto law in violation of the United States Constitution; and (2) that his Fourteenth Amendment right to due process was violated by the failure of the state to address his claim about the repeal of the Act on the merits. On appeal to us, Fancher insists that he raised a third issue that neither the magistrate judge nor the district

court considered.[1] He claims that the repeal of the Act eliminated, in violation of the Due Process Clause of the Fourteenth Amendment, a state-created liberty interest in early-release credits that could be applied pursuant to the Act under certain circumstances. We agree that Fancher also raised this third issue because he mentioned it both in his petition and his objection to the Magistrate's Report and Recommendation, (B. in Supp. of Pet. at 7; Obj. to Magis. Rep. & Recommendation at 12–13, 17), and because we liberally construe the allegations of pro se litigants. Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999).

The district court adopted the magistrate judge's Report and Recommendation in its entirety over Fancher's objections and denied his petition. Fancher filed a motion with this court to conduct this appeal in forma pauperis, applies for a certificate of appealability (COA), and appeals the dismissal of his petition for a writ of habeas corpus. The district court did not grant or deny a COA, and in these circumstances we consider a COA to have been denied. See Gen. Order of Oct. 1, 1996.

---

[1]Fancher also claims that the magistrate judge and district court did not consider his claims regarding the alleged prejudice he suffers under the law passed to replace the repealed Prison Overcrowding Emergency Powers Act. (App. for COA at 2.) However, as he indicated in his Objection to the magistrate's judge's Report and Recommendation, (Obj. to Magis. Rep. & Recommendation at 7), this is properly considered as part of ex post facto claim. Therefore, we need not consider this claim separately.

As to the first two issues, we deny COA for substantially the reasons stated in the magistrate judge's Report and Recommendation. (See Magis. Rep. & Recommendation at 1–3, 7–14.) Although, the magistrate judge and the district court did not explicitly consider the third issue, we also deny COA as to that issue. Fancher's argument that he has been denied a state-created liberty interest does not rise to the level of being a substantial showing of the denial of a constitutional right because the argument has no merit and that conclusion is not debatable among reasonable jurists. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (requiring appellants to show that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserved encouragement to proceed further before granting a COA).

The Act created a system to ease overcrowding within Oklahoma's prison system. When the prison system reached 95% of its capacity, a state of emergency could be declared requiring the Department of Corrections to reduce the sentences of most inmates by 60 days. These sentence reductions were called "CAP credits." If this did not bring the prison population to below 95% of capacity, additional CAP credits were applied.

Fancher cites to the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472 (1995), in support of his claim that it was a violation of his due process

rights to eliminate the emergency release credit system of the Act.[2]  In <u>Sandin</u>, the Supreme Court said that

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

<u>Id.</u> at 484 (internal citations omitted).  The repeal of the Act does not inflict upon Fancher "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  Indeed, in the ordinary course of prison life in Oklahoma, the emergency release credits were rarely applied, and there was no reasonable expectation that Fancher would benefit from their application in the future.  As the magistrate judge explained:

> The recent history of the Act underscores the fact that any disadvantage to Petitioner caused by its repeal is speculative and highly attenuated. . . . [E]ntitlement has always been contingent on the Governor's decision to declare an emergency—as is amply demonstrated by the recent course of events.
>      . . . . Here, the Governor has not only refused to declare an emergency that would trigger the Act's provisions in recent years, but has memorialized his reasons for doing so in the executive orders referenced above.  For example, the most recent executive order finding no overcrowding emergency states:

---

[2]Fancher also cites to <u>Hewitt v. Helms,</u> 459 U.S. 460 (1983) in support of his claim.  However, the Supreme Court has disapproved of the methodology employed in that case.  <u>See Sandin,</u> 515 U.S. at 482–84.

> The Department of Corrections has the ability to negotiate with and lease beds from private vendors if the need for prison beds exceeds current capacity. When the Oklahoma Prison Overcrowding Emergency Act was passed in 1984, the Department did not have this authority.
>
> . . . .
>
> In another of the executive orders, the Governor established a special commutation docket to control prison population, instructing the Pardon and Parole Board to, on a monthly basis, consider commuting the sentences of certain inmates who are to discharge their sentences in the next six months. These prison population control measures make it even less likely that the Act wold have been used, making any lengthening of Petitioner's sentence speculative even if prison population is shown to be increasing.

(Magis. Rep. & Recommendation at 10–11 (internal citations omitted).)

Under these circumstances, Fancher did not have a liberty interest in the potential application of early release credits under the Act. The application of the credits was not mandatory or certain, but contingent on events outside of Fancher's, or prison officials', control. Therefore, Fancher's rights under the Due Process Clause of the Fourteenth Amendment were not violated by the repeal of the Act.

For the foregoing reasons, we **DENY** Fancher's application for a certificate of appealability and **DISMISS** this appeal. The motion to proceed in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 6 -