**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 7, 2006**

**TENTH CIRCUIT**

ALFRED R. CARTER,

      Plaintiff-Appellant,

v.

DR. JEFF TROUTT; DENNIS
COTNER, Medical Service
Administrator; KATRYNA FRECH,
Health Services Administrator; and
ERIC FRANKLIN, Warden,

      Defendants-Appellees.

No. 05-6239

(D.C. No. 04-CV-883-T)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore
ordered submitted without oral argument.

Appellant, a state prisoner appearing pro se, has brought this action

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights through their deliberate indifference to his medical needs. Originally, Appellant's complaint included a claim regarding his requested referral to a specialist. Because this claim was not exhausted, Appellant requested that his unexhausted claim be dismissed. The district court granted his request and proceeded with respect to Appellant's remaining claim–that his Eighth Amendment rights were violated when Defendant prison physician refused to prescribe Lortab for pain control. Report and Recommendation, 1-2 (W.D. Okla. June 23, 2005).

The magistrate judge, in his Report and Recommendation, noted that "[t]he Eighth Amendment requires jail officials to provide humane conditions of confinement, including access to the basic necessities of medical care." *Id*. at 3. A deliberate indifference standard is used to determine whether there has been a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Specifically, the standard has two components:

> (1) an objective component in which the plaintiff's pain or deprivation must be shown to be sufficiently serious, and (2) a subjective component in which it must be shown that the offending officials acted with a sufficiently culpable state of mind.

Report and Recommendation, 3 (citing *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993); *Miller v. Glantz*, 948 F.2d 1562, 1569 (10th Cir. 1991)). The objective component's "sufficiently serious" requirement may be satisfied when

"a condition is sufficiently serious where the condition is one diagnosed by a physician as mandating treatment or that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (citing *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective prong may be established if "a defendant knew of a substantial risk of harm and failed to take reasonable measures to abate it." *Id*. (citing *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)).

Appellant contends that he was given Lortab for pain relief for a period of one year while housed at Jess Dunn Correctional Center but that Defendant physician Troutt discontinued the Lortab prescription, without examining Appellant's back, when Appellant was transferred to James Crabtree Correctional Center. *Id*. at 4-5. Defendants, in a motion for summary judgment, offered evidence that Appellant was seen by Dr. Troutt just prior to his transfer to another facility, that Dr. Troutt prescribed several pain medications (not including Lortab) which Appellant never filled, that Appellant missed his follow-up appointment for treatment, that Appellant refused to be examined unless Lortab was prescribed, and that Appellant was examined at the new facility and showed "full flexion and extension of the neck with no tenderness." *Id*. at 5-7.

The magistrate judge stated that "[w]hile there can be no doubt that [Appellant] has a serious health condition, the foregoing, undisputed facts

demonstrate that the James Crabtree medical staff has consistently monitored [Appellant] and his health situation and has provided him with ongoing care, albeit not the care which [Appellant] desired." *Id*. at 7. The magistrate judge recommended that Defendants' motion for summary judgment be granted, because "the evidence of record fails to raise a genuine issue of material fact as to whether Defendants acted with deliberate indifference to [Appellant's] medical condition." *Id*. at 8. The district court adopted the magistrate judge's Report and Recommendation and granted Defendants' motion for summary judgment on July 19, 2005. Order, 2 (W.D. Okla.).

We have carefully reviewed the briefs of the Appellant and the Appellees, the magistrate judge's recommendation, the district court's disposition, and the record on appeal. We have conducted a de novo review of the district court's grant of summary judgment to Appellees, and for substantially the same reasons set forth by the magistrate judge in his recommendation of June 23, 2005, and the district court in its Order of July 19, 2005, we **AFFIRM** the district court's dismissal of Appellant's § 1983 complaint. We have granted Appellant's motion to proceed without prepayment of the filing fee, but we remind Appellant that he is obligated to continue making partial payment until the entire filing fee has been paid.

Entered for the Court

-4-

Monroe G. McKay
Circuit Judge