**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK JOSEPH TERRY,

　　　　Petitioner-Appellant,

v.

JUSTIN JONES; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

　　　　Respondents-Appellees.

No. 07-6099

(D.C. No. 06–CV–840–F )

(W.D. Okla. )

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Pro se petitioner Patrick Joseph Terry, an Oklahoma state inmate, seeks a certificate of appealability to appeal the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. After a prison disciplinary hearing, Petitioner was found guilty of possessing drugs not prescribed by medical staff, which resulted in his losing 365 good time credits and affected his classification level. The district court adopted the magistrate judge's report and recommendation and denied Petitioner's habeas petition. The district court also denied Petitioner's application for a temporary restraining order. Petitioner now

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

brings this appeal seeking a certificate of appealability.[2]

Petitioner must obtain a certificate of appealability to challenge the district court's denial of his habeas corpus petition. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). To meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Prisoners possess a liberty interest in their statutorily provided good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see also Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987). The government may not deprive a prisoner of those credits without due process. *Id.* However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full

---

[2]In his brief on appeal, Petitioner alleges the district court improperly: (1) deprived him of due process, (2) concluded there was sufficient evidence for the disciplinary findings, (3) concluded Petitioner had no valid equal protection claim under the Fourteenth Amendment, (4) considered Petitioner's significant hardship, (5) concluded the disciplinary hearing was conducted properly, (6) denied Petitioner's request for discovery, (7) dismissed Petitioner's claim for relief under Oklahoma law, Okla. Stat. tit. 57, § 564.1 (2007), and (8) dismissed Petitioner's application for a temporary restraining order without allowing for an answer.

panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The decision to revoke a prisoner's good time credits need only be supported by "some evidence," even if that evidence might be characterized as meager. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455, 457 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456. Only if the record is devoid of evidence, providing no support for a disciplinary board's decision, would a decision to revoke good time credits violate due process. *See id.* at 457.

In *Hill*, three inmates lost their good times credits for allegedly assaulting a fellow inmate. *Id.* at 447–48. Two of the inmates claimed innocence at their disciplinary hearing, and the assaulted inmate gave written statements claiming none of the three inmates under scrutiny had caused his injuries. *Id.* at 448. However, the disciplinary board received evidence from a prison guard stating he discovered the lone, assaulted inmate with only three inmates nearby fleeing in plain view. *Id.* at 456. Even though there was evidence pointing to the inmates' innocence, the inmates lost their good time credits. *Id.* at 448. After multiple

state court appeals and on a writ of certiorari from the Massachusetts Attorney General, the Supreme Court ultimately upheld the prison officials' decision to revoke the inmates' good time credits because the record included some evidence supporting the outcome, even though it was meager. *Id.* at 457.

In the instant case, the prison initiated a disciplinary proceeding against Petitioner because a prison official found two packs of rolling papers, two bags of tobacco, two Stacker 2 pills, one Neurontin, one Baclofen, one small white pill, and one small pink pill in Petitioner's cell. If liberally construed, *see Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999), Petitioner argues that he is factually innocent because he had a prescription for the Neurontin and Baclofen pills and possibly had prescriptions for the other unidentified pills and thus could not be convicted under Section 09-3. A conviction under Section 09-3 requires:

> Possession/introduction of any drug, narcotic, intoxicant, chemical, to include paperwork or documentation containing information for the manufacture of intoxicants/drugs/illegal substances, drug paraphernalia, not prescribed by medical staff, or failure to take medication as prescribed.

Department Inmate Disciplinary Procedures, OP-060125, § 09-3, *available at* http://www.doc.state.ok.us/offtech/060125aa.pdf.

Petitioner misunderstands the nature of our review. We uphold a revocation of good time credits where there is some evidence to support the disciplinary findings at the time. Even if Petitioner could now prove he had prescriptions for the unidentified pills, that evidence was not on the record when

the prison officials were making their decision to revoke his good time credits. In fact, there was evidence on the record that a prison nurse "stated she could not [identify] the small white or pink pill" and that Petitioner "did not have a prescription for these pills." (R. Doc. No. 8, Petr.'s App. III, Attach. B.) As in *Hill*, we need only examine whether the prison officials found some evidence to support their disciplinary findings. Here, the record at the disciplinary hearing did not include Petitioner's actual prescription information. However, prison officials did have two reporting officers' statements of items they discovered during a "shakedown" of Petitioner's cell and the nurse's statement. These statements meet our standard of some evidence. The findings were not arbitrary.

We have carefully reviewed Petitioner's brief, the magistrate judge's report and recommendation, the district court's rulings, and the record on appeal. We find both as to the claim of factual innocence and the balance of his claims on appeal nothing that meets our standard for granting a certificate of appealability. For substantially the reasons set forth in the magistrate judge's report and recommendation and in the district court's orders, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge


-5-