FILED
United States Court of Appeals
Tenth Circuit

August 16, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAY ANTHONY MILES,

        Plaintiff–Appellant,

v.

STATE OF KANSAS,

        Defendant–Appellee.

No. 10-3114
(D.C. No. 2:10-CV-02151-CM-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Ray Anthony Miles appeals the dismissal of his pro se complaint for failure to state a claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In March 2010, Miles filed an in forma pauperis action in federal district court alleging that the State of Kansas falsely imprisoned him and maliciously prosecuted him in violation of his civil rights. Attached to Miles' complaint was a list of other alleged

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

infractions, including false arrest, assault, battery, conspiracy, and intentional infliction of emotional distress. The assigned magistrate judge issued an order requiring Miles to show cause as to why his case should not be dismissed for failure to state a claim. Miles responded on April 7, 2010, and subsequently filed additional materials with the court. Although the district court recognized that these materials provided "some information about the events [of] which [Miles] may be complaining," it dismissed Miles' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

We review de novo a district court's dismissal of a complaint for failure to state a claim. See Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999); Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Although "we must liberally construe the allegations of a pro se complaint," Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999) (quotation omitted), we "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Dismissal of a complaint is warranted when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To avoid dismissal, a plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." Id.

Miles raises two arguments on appeal. First, he contends that the district court clerk lacked the authority to grant the State of Kansas an additional fourteen days to

respond to his complaint. He argues that the clerk "tried to help the defendant by trying to give them more time, when he can't make any ruling in a case when he isn't a judge." This argument fails because District of Kansas Local Rule 77.2(a)(2) provides the court clerk with the specific authority to grant orders "extending once for 14 days the time within which" a defendant may respond to a plaintiff's complaint.

Second, Miles argues that the district court erred in ruling that he had not stated a claim upon which relief may be granted. However, Miles provides no specific legal or factual basis for his argument, and his conclusory statements are insufficient to overturn the district court's order. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Based on our review of the pleadings in this case, the district court properly held that Miles had failed to meet the Twombly standard.

Because we conclude that Miles failed to state a claim upon which relief may be granted, we **AFFIRM** the judgment of the district court.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-3-