Wiley Y. Daniel, Senior United States District Judge
I. INTRODUCTION AND FACTUAL BACKGROUND
THIS MATTER comes before the Court on the following motions: (1) Plaintiff's Renewed Motion for Partial Summary Judgment (ECF No. 268); (2) Defendant BOP's Motion for Summary Judgment (ECF No. 269); and (3) the individual Defendants' Motion for Summary Judgment (ECF No. 270). The pending motions are denied as set forth below.
This is a prisoner civil rights lawsuit. Plaintiff Seifullah Chapman asserts a violation of the Eighth Amendment against the Defendants for failure to provide adequate medical care for his Type 1 diabetes. I have issued numerous orders detailing the procedural and factual background of this case. Those orders are incorporated by reference herein.
II. STANDARD OF REVIEW
To prevail on a motion for summary judgment, a moving party must demonstrate that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When it applies this standard, the Court views the evidence and draws inferences in the light most favorable to the non-moving party. Nahno-Lopez v. Houser , 625 F.3d 1279, 1283 (10th Cir. 2010) (citing Oldenkamp v. United Am. Ins. Co. , 619 F.3d 1243, 1245-46 (10th Cir. 2010) ). "An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue." Id. (quoting Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ). "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." Id. (quoting Adler v. Wal-Mart Stores, Inc. , 144 F.3d 664, 670 (10th Cir. 1998) (citing Anderson , 477 U.S. at 248, 106 S.Ct. 2505 ) ).
The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." Kannady v. City of Kiowa , 590 F.3d 1161, 1169 (10th Cir. 2010) (citing Trainor v. Apollo Metal Specialties, Inc. , 318 F.3d 976, 979 (10th Cir. 2003) ). To meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." Id. (citing Sigmon v. CommunityCare HMO, Inc. , 234 F.3d 1121, 1125 (10th Cir. 2000) ).
*1264 III. DISCUSSION
Initially, I note that I carefully and painstakingly reviewed the entirety of the evidence submitted in connection with the pending motions. Based on that detailed review and viewing the evidence in the light most favorable to the non-moving parties, I find that there are numerous, genuine issues of material fact that preclude summary judgment on all of these motions. Thus, the Plaintiff's motion and the BOP's motion for summary judgment are denied.
As to the individual Defendants' motion for summary judgment, they invoke the defense of qualified immunity, thus, I begin my analysis with the doctrine's relevant standards. "In civil rights actions seeking damages from governmental officials, those officials may raise the affirmative defense of qualified immunity, which protects all but the plainly incompetent or those who knowingly violate the law." Holland ex rel. Overdorff v. Harrington , 268 F.3d 1179, 1185 (10th Cir. 2001) (internal quotation marks and citations omitted). Once the affirmative defense is raised by a defendant, the burden shifts to the plaintiff to come forward with facts or allegations sufficient to show both "that the defendant's actions violated a constitutional or statutory right" and that the right "was clearly established at the time of the defendant's unlawful conduct." Medina v. Cram , 252 F.3d 1124, 1128 (10th Cir. 2001) (internal quotation marks and citations omitted); see also Workman v. Jordan , 32 F.3d 475, 479 (10th Cir. 1994) ; see also Mick v. Brewer , 76 F.3d 1127, 1134 (10th Cir. 1996).
Thus, in the context of a motion for summary judgment, I must first consider whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Holland , 268 F.3d at 1185 (internal citations omitted). If I determine that there has been a violation of a constitutional right, then I must "ask whether the right was clearly established" at the time of the defendant['s unlawful conduct. Id. at 1186 (internal quotation marks and citations omitted). If the plaintiff successfully establishes the violation of a clearly established right, the burden then shifts to the defendant, who must prove that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. Medina , 252 F.3d at 1128 ; see Olsen v. Layton Hills Mall , 312 F.3d 1304, 1312 (10th Cir. 2002).
In Pearson v. Callahan , 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), the Supreme Court held that "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. at 236, 129 S.Ct. 808. Here, I first address whether Plaintiff has shown that Defendants Santini, Osagie and Camacho violated his constitutional rights under the Eighth Amendment.
Constitutional Violation
The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. Howard v. Waide , 534 F.3d 1227, 1235 (10th Cir. 2008) (citing Estelle v. Gamble , 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or *1265 by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle , 429 U.S. at 104-05, 97 S.Ct. 285 (internal quotation marks and citations omitted).
The elementary principles of dignity, civility, humanity, and decency "establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death, the evils of most immediate concern to the drafters of the [Eighth] Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." Id. at 103, 97 S.Ct. 285 (internal quotation marks and citations omitted).
"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." Mata v. Saiz , 427 F.3d 745, 751 (10th Cir. 2005) (citing Estelle , 429 U.S. at 97, 97 S.Ct. 285 ). "Deliberate indifference involves both an objective and a subjective component." Sealock v. Colorado , 218 F.3d 1205, 1209 (10th Cir. 2000) (citing Estelle , 429 U.S. at 97, 97 S.Ct. 285 ). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm , 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation marks and citations omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. Mata , 427 F.3d at 752.
Under the subjective component, the defendant must have a "sufficiently culpable state of mind." Farmer v. Brennan , 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal citations omitted); see also Self v. Crum , 439 F.3d 1227, 1230-31 (10th Cir. 2006). In other words, the plaintiff must establish that the defendants "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Hunt v. Uphoff , 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks and citations omitted).
Unlike the objective component, the symptoms displayed by the prisoner are relevant to the subjective component of deliberate indifference. Mata , 427 F.3d at 753. With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" Martinez v. Beggs , 563 F.3d 1082, 1089 (10th Cir. 2009) (quoting Mata , 427 F.3d at 753 ). "A prisoner may satisfy the subjective component by showing that defendants' delay in providing medical treatment caused either unnecessary pain or a worsening of her condition. Even a brief delay may be unconstitutional." Mata , 427 F.3d at 755 ; see also Dougherty v. Kansas , No. 08-3066, 2008 WL 2906505, at *3 (D. Kan. July 24, 2008) (unpublished) ("a delay in providing medical care does not violate the Eighth Amendment unless the plaintiff has suffered 'substantial harm' from the delay"; lifelong handicap, permanent loss, or considerable pain amounts to substantial harm). "[P]rison officials who 'actually knew of a substantial risk to inmate health or safety may be found free *1266 from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.' " Howard , 534 F.3d at 1239 (10th Cir. 2008) (quoting Farmer , 511 U.S. at 844-45, 114 S.Ct. 1970 ). "An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act." Howard , 534 F.3d at 1239-40 (internal citations and modifications omitted).
Here, Defendants argue that they are entitled to qualified immunity because there is no genuine issue of material fact that they subjectively understood the serious medical risk faced by Plaintiff, yet disregarded it. The Defendants contend that they provided Plaintiff with medical care that was not so deficient that it caused Plaintiff to suffer a serious harm or substantial risk of serious harm. The Defendants knew Plaintiff had Type I diabetes and provided medical treatment. However, I find that the record reflects numerous, genuine issues of material facts regarding whether a constitutional violation occurred. For example:
• Whether the Defendants appropriately administered Plaintiff's insulin.
• Whether the Defendants provided Plaintiff with appropriate medical supplies to manage his Type I diabetes.
• Whether the Defendants appropriately responded to Plaintiff's symptoms and/or complaints regarding his Type I diabetes and whether Plaintiff has suffered serious harm or substantial risk of serious harm.
Clearly Established Law
I next turn to whether the Defendants' actions violated clearly established law. "A right is clearly established ... when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." Thomas v. Kaven , 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks and citations omitted). "A previous decision need not be materially factually similar or identical to the present case; instead, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. (internal quotation marks and citations omitted). " 'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' " Id. (quoting Saucier v. Katz , 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ).
The Eighth Amendment prohibits the infliction of cruel and unusual punishment on individuals convicted of crimes. Clemmons v. Bohannon , 956 F.2d 1523, 1525 (10th Cir. 1992). In a case where a prisoner suffered from both hypertension and diabetes and alleged that prison officials denied him insulin and proper medical treatment, the Tenth Circuit held that with regard to deliberate indifference, "a plaintiff must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.' " Hunt , 199 F.3d at 1224 (citing Farmer , 511 U.S. at 847, 114 S.Ct. 1970 ). Thus, viewing Plaintiff's evidence in the light most favorable to him, the law was clearly established that the Defendants' alleged conduct violated the Eighth Amendment. Accordingly, the Defendants are not entitled to qualified immunity, and the motion for summary judgment is denied.
IV. CONCLUSION
Based on the foregoing, it is *1267 ORDERED that Plaintiff's Renewed Motion for Partial Summary Judgment (ECF No. 268) is DENIED. It is
FURTHER ORDERED that Defendant BOP's Motion for Summary Judgment (ECF No. 269) is DENIED. It is
FURTHER ORDERED that the individual Defendants' Motion for Summary Judgment (ECF No. 270) is DENIED . It is
FURTHER ORDERED that the parties shall appear for a status conference on Tuesday, February 13, 2018 at 11:00 a.m. in Courtroom A-1002. At the status conference, the Court will address the matters covered by the parties' January 23, 2018 Joint Status Report and establish firm protocols to facilitate a settlement on the merits.