**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD G. HOGAN,

      Plaintiff-Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; ANITA
TRAMMELL; THOMAS SHARP;
BOBBY BOONE; DONNIE
WORKMAN, in their individual and
official capacities; OKLAHOMA
CORRECTIONS INDUSTRIES,

      Defendants-Appellees.

No. 01-7091
(Eastern District of Oklahoma)
(D.C. No. 00-CV-540-X)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Donald Hogan is an Oklahoma state prisoner who was transferred from the Davis Correctional Facility to the Mack Alford Correctional Center ("MACC") on March 16, 2000. Upon his arrival at MACC, Hogan was assigned to the farm tractor crew. Hogan alleges that the assignment involved the lifting of heavy rocks. On April 21, 2000 Hogan reported to MACC medical services complaining of a hernia he believed was "trying to rupture." No hernia was noted but Hogan was diagnosed with mild oblique muscle strain and restricted to lifting no more than ten pounds. Hogan was examined by medical services again on April 26, 2000 and his lifting restriction was raised to twenty-five pounds. On May 1, 2, 3, 4, and 8, Hogan failed to report to work or inform his supervisor that he was ill. He was issued five misconduct reports, four of which were eventually dismissed and expunged from his record. As a result of the one misconduct report that was not dismissed, Hogan lost 25 earned credits and was placed in restrictive housing for five days.

Hogan filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants' actions constituted the unnecessary and wanton infliction of pain in violation of the Eighth Amendment. Additionally, Hogan sought the restoration of the good-time credits he lost when he was disciplined for failing to

report to his prison job. Finally, Hogan alleged that his due process rights were violated when he was placed in disciplinary segregation. Defendants filed a motion to dismiss Hogan's complaint. On June 22, 2001, the district court dismissed Hogan's complaint pursuant to 28 U.S.C. § 1915(e), concluding that it was frivolous. Proceeding *pro se* and *in forma pauperis*, Hogan appeals the district court's order dismissing his complaint.

The district court construed Hogan's Eighth Amendment claim as an assertion that Defendants were deliberately indifferent to his medical needs because they provided either inadequate or untimely medical care. The court concluded that the record demonstrated that Hogan sought and received sufficient medical care and, thus, Defendants' conduct did not amount to deliberate indifference. To the extent Hogan's complaint can be read as challenging the type and quality of the medical treatment he received, the district court correctly concluded that such claims do not assert violations of federal constitutional rights. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

We read Hogan's complaint, however, as asserting that Defendants were aware of medical limitations on his ability to lift heavy objects but nonetheless required him to engage in activities that caused him pain and aggravated his pre-

existing medical condition.     To support his claim, Hogan attached to his complaint a document that appears to be an entry in his prison medical records dated December 1996 and titled "Progress Notes/Doctors Orders."  This document indicates that Hogan was diagnosed with a "6 cm ventral hernia" on December 3, 1996.  Hogan also attached to his complaint a copy of a memorandum dated April 16, 1998 containing a hand-written note stating, "Mr. Donald Hogan has a weight lift restriction do [sic] to hernia-non-repaired and external hemorrhoids.  If any further questions feel free to contact medical."  Hogan asserts that this memorandum was prepared by officials at the Davis Correctional Facility and that he provided the memorandum to his supervisor on the first day he reported to his farm tractor crew job.  Hogan further asserts that when he arrived at MACC he informed Defendants that he had a hernia and was subject to a lifting restriction. Hogan contends that Defendants refused to either obtain or review the records from the Davis Correctional Facility, stating that they "do not honor medical records."  Finally, Hogan alleges that while on the farm tractor crew he was required to lift rocks weighing over one hundred pounds, thereby causing his medical condition to worsen and necessitating his trips to MACC medical services to treat his pain.

In an affidavit, Hogan's supervisor refutes Hogan's claim that Defendants were aware of his medical condition and lifting restriction.  The supervisor asserts

-4-

that he had no knowledge of Hogan's medical condition or restrictions because Hogan did not provide him "with any medical restriction slip until after his appointment with MACC medical services on April 21, 2000." Factual disputes between the parties cannot be resolved in a motion to dismiss. *See Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999) ("In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. Further, we must liberally construe the allegations of a pro se complaint."). Hogan's allegations, if proved, could establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (concluding that a prison guard's deliberate indifference to or intentional interference with prescribed treatment for a prisoner's serious medical needs resulting in pain constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment). Thus, dismissal of Hogan's claim was improper.

The district court also dismissed Hogan's remaining claims, concluding that his request for damages relating to the deprivation of his good-time credits is not cognizable in a § 1983 complaint because he has not demonstrated that the

underlying finding of misconduct is invalid.[1]  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a prisoner seeking damages for due process violations in disciplinary proceedings and whose claims "if established, necessarily imply the invalidity of the deprivation of his good-time credits," must demonstrate that the underlying sanction has previously been invalidated).  The court also concluded that Hogan's placement in disciplinary segregation did not implicate his federal constitutional rights because it did not of itself inevitably affect the duration of Hogan's sentence and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995).  Upon *de novo* review, we find no reversible error in the district court's disposition of Hogan's claims relating to the loss of his good-time credits and his confinement in disciplinary segregation.

This court **reverses** the district court's dismissal of Hogan's Eighth Amendment claim but **affirms** the court's dismissal of Hogan's remaining claims for substantially those reasons stated by the district court.  Hogan's

---

[1]To the extent Hogan is seeking the restoration of the good-time credits, his claim cannot be brought in a civil rights suit.  *See Preiser v. Rodriguez*, 411 U.S. 475, 485-87 (1973); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (holding that a 28 U.S.C. § 2241 habeas petition is the appropriate means by which to seek the restoration of good-time credits).

"Motion for Production of Documents" and "Motion to Enter Exhibits" are **denied** . The matter is **remanded** for further proceedings consistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge