**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MILTON T. COLBERT, II,

      Plaintiff-Appellant,

v.

PRISON HEALTH SERVICES; (FNU)
SHELTON, Warden, Norton
Correctional Facility; (FNU) TIEN,
RN, Norton Correctional Facility;
(FNU) JOHNSTON, RN,
Administrator, Norton Correctional
Facility,

      Defendants-Appellees.

No. 04-3259
(D.C. No. 03-CV-3247-GTV)
(Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

      Milton T. Colbert, II, a prison inmate proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal pursuant to 28 U.S.C. §

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1915(c)(2)(B) of his civil rights suit under 42 U.S.C. § 1983 for failure to state a claim.[1]  We affirm.

In his complaint, Mr. Colbert alleged prison officials and medical staff at the Norton Correctional Facility in Norton, Kansas, subjected him to cruel and unusual punishment by denying him medical attention.  He claimed that on May 21, 2003, he went to the prison medical facility complaining of back, leg, and head pains that he believed were the result of an earlier, serious car accident.  He informed the nurse he would like to see a doctor as soon as possible, but was told no appointment was available until at least May 29.  He visited the facility again on May 25 to seek an earlier appointment but was told his situation was not an emergency.  He was scheduled to see a doctor on June 3.[2]  He filed this suit after exhausting administrative remedies.

The district court ruled that the prison officials and medical staff were not deliberatively indifferent to Mr. Colbert's serious medical needs and therefore did not violate his Eighth Amendment rights.  The court further ruled that any delay in providing medical care did not violate the Eighth Amendment because Mr.

---

[1]The district court granted Mr. Colbert leave to proceed *in forma pauperis* in his proceedings before the district court, as well as on appeal.

[2]According to the record, the medical staff told Mr. Colbert he had been scheduled for an appointment on May 21, but failed to appear and was rescheduled for June 3.  Mr. Colbert contended this was a mistake since he did not even go to the medical facility until May 21.

Colbert did not demonstrate he had been substantially harmed. On the contrary, the court held the record submitted by Mr. Colbert demonstrated he received adequate and timely attention.

We review Mr. Colbert's submissions liberally as directed by *Haines v. Kerner*, 404 U.S. 519, 520 (1972). We review a district court's dismissal of a case for failure to state a claim *de novo*. *Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.

*Id.* (citations omitted). In reviewing the pleadings, we also consider any attached exhibits. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). In this case, Mr. Colbert submitted a complaint and a supplemental pleading arguing that he had exhausted administrative remedies, to which medical and grievance documents were attached.

To state a claim under the Eighth Amendment regarding inadequate or delayed medical attention, a prisoner must demonstrate that officials were deliberately indifferent to his or her serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Oxendine*, 241 F.3d at 1276. This standard

includes both objective and subjective components: the deprivation must be "sufficiently serious" and the government official must have "acted with a sufficiently culpable state of mind." *Oxendine*, 241 F.3d at 1276. A deprivation is "sufficiently serious" if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's assessment." *Id.* (quotation omitted). A prisoner must further establish that any delay in medical attention resulted in "substantial harm." *Id.* (quotation omitted). Generally speaking, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins*, 165 F.3d at 811.

On appeal, Mr. Colbert contends he established that the prison officials and medical staff were deliberately indifferent to his medical needs "by showing that they did not let me see a doctor on the date I was supposed to and moved it to a later date because of a mistake that was made by them." Aplt. Br. at 2. In support of his arguments, he cites *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992) (for purposes of qualified immunity analysis, prison officials' forcing plaintiff to fly after ear surgery against the orders of his treating physician could have constituted deliberate indifference), *abrogation recognized on other grounds by Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1048-49 (9th Cir. 2002); and *Mullen v. Smith*, 738 F.2d 317, 318-19 (8th Cir. 1984) (dismissal reversed in

-4-

part where prison officials abused plaintiff and denied plaintiff pain treatment for six weeks after plaintiff fell). He also claims the district court did not consider that the prison officials and medical staff failed to "look into" the fact "that [he] had a bad accident." Aplt. Br. at 4.

We agree with the district court that Mr. Colbert received treatment and did not sufficiently allege the treatment was inadequate. His dissatisfaction is essentially with the medical treatment he did receive. Although we sympathize with Mr. Colbert's assertions of chronic pain due to his prior injuries and his frustration over the prison's apparent mistake regarding the scheduling of his doctor's appointment, the complaint and supplemental attachments show that Mr. Colbert visited with a nurse practitioner at the time he first requested treatment and received pain medication, nursing staff assessed his situation as not an emergency, the prison ordered Mr. Colbert's medical records related to the prior car accident, and the doctor he ultimately saw reviewed those records the same day and directed no change in treatment. While Mr. Colbert says his pains worsened during the time he was waiting to meet with the doctor, he does not allege any facts that undermine the nurses' course of treatment.

More importantly, even assuming Mr. Colbert has shown a delay in adequate treatment, he has not pointed to facts establishing he suffered "substantial harm." Mr. Colbert's alleged harms are not comparable to those in

the cases upon which he relies, *see Hamilton*, 981 F.2d at 1067; *Mullen*, 738 F.2d at 318, nor do they include examples of delayed treatment for life-threatening circumstances, exacerbation of his medical problems, or harm resulting in permanent handicap or loss. *See Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187-88 & n.21 (11th Cir. 1994) (collecting cases)).

Accordingly, we **AFFIRM** the district court's dismissal of Mr. Colbert's suit for failure to state a claim.[3]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[3] In dismissing Mr. Colbert's action for failure to state a claim pursuant to 18 U.S.C. § 1915(e)(2)(B)(ii), the district court noted that such dismissal counted as a strike under the 3-strike provision of 28 U.S.C. § 1915(g). Our affirmance of the district court's dismissal solidifies the existence of that single strike. *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). We also determine Mr. Colbert's appeal lacks any arguable basis in law or fact, and therefore deem it frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) and resulting in an additional strike against Mr. Colbert. *Id.* We advise Mr. Colbert that upon incurring three strikes, he will no longer be able to proceed *in forma pauperis* in a civil action in federal court, unless is he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). We also remind Mr. Colbert he is obligated to continue making payments toward the balance of his assessed district court and appellate filing fees until they are paid in full.