694

William ERICKSON, Plaintiff–
Appellant,

v.

Barry J. PARDUS, Assistant Clinical Di-
rector, in his individual and official
capacity; Anita Bloor, L.C.F. Medical
Staff, individually and in her official
capacity, Defendants–Appellees.

No. 06–1114.

United States Court of Appeals,
Tenth Circuit.

Sept. 14, 2006.

William Erickson, Limon, CO, pro se.

Awilda R. Marquez, Hall & Evans, Denver, CO, for Defendants–Appellees.

Before O'BRIEN, PORFILIO, and ANDERSON, Circuit Judges.

## ORDER AND JUDGMENT[*]

STEPHEN H. ANDERSON, Circuit Judge.

In this civil rights action brought pursuant to 42 U.S.C. § 1983, William Erickson, a Colorado state prisoner appearing pro se, appeals from the order entered by the district court dismissing his complaint under Fed.R.Civ.P. 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

### I. Background.

In his thorough and well-reasoned "Recommendation on Defendants' Motion to Dismiss," the magistrate judge summarized plaintiff's claims as follows:

In his pro se Prisoner Complaint (Docket No. 3) and attachments thereto, the plaintiff alleges the following. Plaintiff has Hepatitis C. In order to obtain treatment that entails weekly self-injections of Interferon and twice-daily oral ingestion of Ribavirin capsules, he completed the required drug and alcohol classes, had a liver biopsy, and was assessed as needing treatment, which would take one year. However, on March 19, 2004, "[s]hortly after beginning treatment," a syringe used to give a Pegylated Interferon shot became missing at the medical department after the Friday afternoon shots for those on treatment. Within twenty minutes of that discovery, plaintiff's living pod (which housed 52 men) was searched, and a syringe was found in a communal trash can. According to plaintiff, that syringe was cut-down, was not the type used in giving the Pegylated Interferon shots, and could not have been the missing one because there would not have been time to make an alteration. Nevertheless, plaintiff was taken to segregation, written up, and immediately removed from treatment by defendant Dr. Anita Bloor. Plaintiff was subsequently convicted of a violation of the Colorado Code of Penal Discipline ("COPD") for possession of drug paraphernalia.

. . . .

Plaintiff claims that Bloor is being deliberately indifferent to the plaintiff's serious medical needs in violation of his Eighth Amendment protections by refusing plaintiff treatment for a disease from which he suffers. In addition,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

plaintiff contends that his Fourteenth Amendment procedural due process protections have been violated because the Colorado Department of Corrections' ("CDOC") protocol for treatment of Hepatitis C did not allow for the plaintiff to be removed from treatment for such an infraction, and the treatment protocol requires that he be treated for Hepatitis C so long as he meets the pre-requisites of the protocol. Plaintiff claims he is still in need of treatment, and the CDOC will not treat him, even though he meets the requisite treatment criteria.

In addition, plaintiff complains about the CDOC's enactment of a medical policy which requires co-payments to be made for medical visits, namely, $5 to see a nurse practitioner or physician's assistant, $10 to see a doctor, $5 per dental visit, $5 per mental health visit, and $10 for an emergency visit unless it is declared a true emergency, in which case the payment is dropped to $5. Plaintiff contends that the co-payments are excessive and violate his Eighth Amendment protections against cruel and unusual punishment because the visits cost more than he makes in one month ($10 per month, subject to a $2 deduction for court-ordered restitution and costs), and CDOC makes those deductions first, forcing the plaintiff to choose between hygienic needs and medical visits. Defendant Pardus, the Assistant Director of Clinical Services for CDOC, allegedly enacted the new co-payment policy.

. . . .

Plaintiff seeks declaratory, injunctive, and monetary relief.

R., Supp. Vol. I, Doc. 66 at 1–4 (footnote omitted).

Defendants Bloor and Pardus filed a motion to dismiss plaintiff's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The district court referred the matter to a magistrate judge, and the magistrate judge recommended that plaintiff's Eighth and Fourteenth Amendment claims be dismissed for failure to state a claim. After reviewing the matter de novo, the district court concluded that the magistrate judge's recommendation was correct, and the court therefore entered an order dismissing this action.

## II. Rule 12(b)(6) and Standard of Review.

Under Fed.R.Civ.P. 12(b)(6), a district court may dismiss a complaint for "failure to state a claim upon which relief can be granted." This is a demanding standard, and a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quotation omitted). As a result, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Id.* "The legal sufficiency of a complaint under Rule 12(b)(6) is a question of law which this Court reviews *de novo.*" *Tal v. Hogan,* 453 F.3d 1244, 1252 (10th Cir. 2006).

It is also well established that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. But a district court is not required "to assume the role of advocate for the pro se litigant." *Id.* Consequently, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based," and "conclusory allegations without supporting factual averments are insufficient to state

a claim on which relief can be granted." *Id.; see also Tal,* 453 F.3d at 1252 ("A motion to dismiss under Fed.R.Civ.P. 12(b)(6) admits all well-pleaded facts in the complaint as distinguished from conclusory allegations.") (quotation omitted).

## III.

### A. Removal From Interferon/Ribavirin Treatment Program.

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir.2005). "The test for constitutional liability of prison officials involves both an objective and a subjective component." *Id.* (quotation omitted). As we have explained:

> Eighth Amendment claims alleging inadequate or delayed medical care thus involve both an objective and a subjective component, such that we must determine both whether the deprivation is sufficiently serious and whether the [government] official acted with a sufficiently culpable state of mind.
>
> . . . .
>
> Accordingly, for [a prisoner] to properly set forth an Eighth Amendment claim on which relief may be granted, he must set forth facts demonstrating that his alleged medical need ... was sufficiently serious to meet the objective element of the deliberate indifference test, and that the Defendants' [inadequate care or] delay in meeting that need caused him substantial harm[.] Finally, to meet the subjective element of the deliberate indifference test, he must allege facts supporting an inference that Defendants knew about and disregarded a substantial risk of harm to his health or safety.

*Oxendine v. Kaplan,* 241 F.3d 1272, 1276–77 (10th Cir.2001) (quotations and footnote omitted; first alteration in original); *see also Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir.1999) (noting that "[d]elays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems," and that "[t]he Eighth Amendment also protects against future harm to an inmate").

■ As the magistrate judge recognized, "the issue here with regard to the first, objective element of the deliberate indifference standard is whether the discontinuance of the plaintiff's Interferon/Ribavirin treatment right after it began and/or discontinuing it for approximately an eighteen-month period (a one year waiting period and then six months of drug and alcohol classes) resulted in substantial harm." R., Supp. Vol. I, Doc. 66 at 11–12. As the magistrate judge explained:

> Hepatitis C is unquestionably a serious medical problem. However, the Eighth Amendment issue in this case is not whether the Hepatitis C infection itself is a "serious medical need." *See Bender v. Regier,* 385 F.3d 1133, 1137 (8th Cir.2004) ("[T]he Eighth Amendment issue is not whether the infection itself is a 'serious medical need,' but rather whether [plaintiff] had a serious medical need for prompt interferon treatment."). " 'When the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone['] to determine whether the alleged deprivation was sufficiently serious." *Baxter v. Pesanti,* 2005 WL 1877200 (D.Conn. July 29, 2005) (quoting *Smith v. Carpenter,* 316 F.3d 178, 185 (2d Cir.2003)).

"[A] delay in medical care 'only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm.' ... The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d at 751.

*Id.* at 11 (alteration added in quote from *Baxter*).

The magistrate judge concluded that plaintiff failed to allege sufficient facts to satisfy the substantial harm requirement of the objective component of the deliberate indifference standard, and we agree with the magistrate judge's well-reasoned analysis:

A close reading of the Prisoner Complaint shows that the plaintiff does not allege that as a result of the discontinuance of the treatment itself shortly after it began or the interruption of treatment for approximately eighteen months he suffered any harm, let alone substantial harm, than what he already faced from the Hepatitis C itself. Instead, plaintiff merely focuses on the fact that treatment was stopped. Therefore, this court finds that the plaintiff's Eighth Amendment claim fails on the first component of the deliberate indifference standard. Plaintiff's first claim for relief may be dismissed for failure to state a claim on this basis alone.

*Id.* at 12.

As support for the magistrate judge's analysis, we note that in the proceedings before the district court and this court, plaintiff has made only conclusory allegations to the effect that he has suffered a cognizable independent harm as a result of his removal from the Interferon/Ribavirin treatment program. *See* Prisoner Complaint, R., Vol. I, Doc. 3 at 2, 4 (stating that Dr. Bloor is "endangering my life," that "I am still in need of treatment for this disease," and that "Dr. Anita Bloor has violated my Eighth Amendment protections ... by refusing me treatment for a disease I suffer from"); Plaintiff's Motion for Expedited Review Due to Imminent Danger, R., Vol. I, Doc. 22 at 1 (stating that "[i]t is also undisputed that furtherance of this disease can cause irreversible damage to Plaintiff's liver and possible death"); Plaintiff's Response to Defendants' Motion to Dismiss, R., Vol. I, Doc. 36 at 8, 9 (stating that "Defendant Bloor knew very well that Plaintiff needed treatment and that, without treatment his condition is likely to worsen," and that "Plaintiff's needs for treatment, i.e., for good health, without causing future risk and/or damage to said health/liver, were disregarded by Defendant Bloor when she removed Plaintiff from his treatment"); Plaintiff's Objections to the Magistrate's Recommendation, R., Supp. Vol. I, Doc. 69 at 3 (stating that plaintiff "will suffer irreparable damage if his disease goes untreated," and "that his liver is suffering irreversible damage and quite possibly death"); Aplt. Opening Brief at 19(a) (stating that "Appellant was diagnosed as needing treatment (self evident from the fact that he was receiving said")); Aplt. Reply Brief at 4 (stating that "[a] medical condition which is serious by pure definition infers that the condition will worsen and quite possibly cause death if not treated. Here Appellant was diagnosed as needing treatment by Dr. Bloor only then to have her remove him from said.").

We agree with the magistrate judge that plaintiff's conclusory allegations are insufficient to state a claim for an Eighth Amendment violation under the objective component of the deliberate indifference standard. As a result, we do not need to address the subjective component of the standard.

**B. Procedural Due Process Claim.**

■ As noted by the magistrate judge, "Plaintiff contends that his Fourteenth

Amendment procedural due process protections have been violated because the CDOC protocol for treatment of Hepatitis C did not allow for him to be removed from treatment for [the infraction of possessing drug paraphernalia], and the treatment protocol requires that he be treated for Hepatitis C so long as he meets the pre-requisites of the protocol." R., Supp. Vol. I, Doc. 66 at 15. We agree with the magistrate judge that this argument is without merit.

"[L]iberty interests protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause itself and the laws of the States." *Abbott v. McCotter*, 13 F.3d 1439, 1442 (10th Cir. 1994) (quotation omitted). However, "[t]he Due Process Clause standing alone offers prisoners only a narrow range of protected liberty interests,'" *id.* (quotation omitted), and none of those interests are implicated in this case. The question here is thus whether the applicable prison regulations and hepatitis C treatment protocol created a protected liberty interest, and this issue must be determined in accordance with the Supreme Court's holding in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). "In *Sandin*, ..., the Supreme Court held that a deprivation occasioned by prison conditions or a prison regulation does not reach protected liberty interest status and require procedural due process protection unless it imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir.2006) (quoting *Sandin*, 515 U.S. at 484, 115 S.Ct. 2293).

Although this case raises some potentially difficult medical issues, plaintiff has failed to allege sufficient facts to show that his removal from the Interferon/Ribavirin treatment program imposed an "atypical and significant hardship." Accordingly,

we agree with the magistrate judge that plaintiff has failed to show that he had "a protected liberty interest that would entitle him to procedural protections." R., Supp. Vol. I, Doc. 66 at 16. In addition, as pointed out by the magistrate judge, we note that plaintiff was given ample procedural opportunities to challenge his removal from the Interferon/Ribavirin treatment program, as he "went through the entire three-step [prison] grievance procedure with regard to his removal from treatment (see documents attached to the Complaint), and ... plaintiff had a hearing at which he had the opportunity to be heard and to hear the evidence against him with regard to the charge of possession of drug paraphernalia." *Id.* at 15; *see also* Aplt. Opening Br. at 17(a), ¶ 16 (stating that "Appellant ... had a hearing ... where he was found guilty of stealing the syringe").

**C. Alleged Deprivation of Hygiene Items.**

Plaintiff alleges that he "has been forced to choose between receiving medical treatment or purchasing hygienic supplies, because if he visits medical, C.D.O.C./L.C.F. will collect its [medical] co-pay [charge] prior to allowing [plaintiff] to have a positive balance on his account with which to purchase hygiene items such as toilet paper." Aplt. Opening Br. at 17, ¶ 5. According to plaintiff, he has thus "not been denied medical treatment, [but] instead he has been denied constitutionally mandated hygienic supplies, which [has] caused his health to deteriorate and required Appellant to suffer unsanitary conditions." *Id.*, ¶ 6; *see also id.* at 18(d) (stating that plaintiff "has repeatedly done without a toothbrush, soap or toothpaste. And as for toilet paper, [plaintiff] has had to steal, beg or borrow all he could"); Aplt. Reply Br. at 2 (stating that plaintiff "has had to do without soap, toothpaste, toothbrush, razors, deodorant, etc.... All

of which, especially the dental products, etc., can cause serious health problems").

"Conditions of confinement fall within the Eighth Amendment because they are part of the penalty that criminal offenders pay for their offenses." *Penrod v. Zavaras,* 94 F.3d 1399, 1405 (10th Cir.1996). However, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Therefore, as we have previously explained, an Eighth Amendment violation exists only when the alleged deprivation is "objectively, sufficiently serious." *Penrod,* 94 F.3d at 1405–06 (quotation omitted).

We conclude that plaintiff has failed to allege sufficient facts to support a claim that the alleged denial of hygiene items has caused him to suffer the type of serious harm that is necessary to support an Eighth Amendment violation. To begin with, in contrast to cases such as *Penrod,* plaintiff has not alleged that he suffers from a present physical injury as a result of the alleged deprivation of hygiene items. *See Penrod,* 94 F.3d at 1406 (holding that prisoner raised a genuine issue of material fact in regard to whether prison officials alleged denial of hygiene items caused prisoner serious harm where prisoner alleged that denial of free toothpaste "caused his gums to bleed and recede and tooth decay that eventually had to be treated by a dentist"). Further, although we agree with the Seventh Circuit that "an objectively serious harm to future health" may, in appropriate cases, support an Eighth Amendment claim, *Board v. Farnham,* 394 F.3d 469, 483 (7th Cir.2005) (holding that pretrial detainees sufficiently alleged violation of a cognizable constitu-

tional right where they alleged that they were deprived of toothpaste "for long periods of time"), plaintiff has not alleged sufficient facts to support such a claim here. Instead, plaintiff has simply alleged in conclusory terms that he has been deprived of certain hygiene items and that the deprivation has caused or will cause unspecified health problems. Regardless of plaintiff's pro se status and the liberal federal pleading rules, this is insufficient to survive a Rule 12(b)(6) motion. *See Hall,* 935 F.2d at 1110 (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim," and that "[t]his is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury").

## D. Plaintiff's Request for Leave to Amend His Complaint.

■ In his reply brief, plaintiff argues that the district court should have allowed him to amend his claim regarding the medical co-pay charges "if amendment would have cleared up any ambiguity for failure to state a claim." Aplt. Reply Br. at 3. Plaintiff failed to raise this issue in his opening brief, however, and it is therefore waived. *See State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 984 n. 7 (10th Cir.1994).

■ Even if we were inclined to excuse plaintiff's waiver, his request for leave to amend is still deficient. First, plaintiff never filed a formal motion for leave to amend his complaint in the district court. Second, while plaintiff requested leave to amend in his objections to the magistrate judge's recommendations, *see* R., Supp. Vol. I, Doc. 69 at 4, 7, the district court was not required to recognize plaintiff's bare request as a motion for leave to amend because plaintiff failed to give adequate notice of the basis of the proposed

amendment, *see Calderon v. Kan. Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186, 1187 (10th Cir.1999) (holding that "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it," and that a "single sentence, lacking a statement for the grounds for amendment and dangling at the end of [plaintiff's] memorandum [in opposition to defendants' motion to dismiss], did not rise to the level of a motion for leave to amend"). "Because a motion for leave to amend was never properly before it, the district court did not abuse its discretion in failing to address [plaintiff's] request for leave to cure deficiencies in [his] pleadings." *Id.* at 1187.

The district court's order dismissing this action is AFFIRMED. Plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED. Plaintiff is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full.