**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

DON MARCUS GIBLER,

      Defendant–Appellant.

No. 09-3380
(D.C. Nos. 2:08-CV-02524-CM and
2:06-CR-20048-CM-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Don Marcus Gibler requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas petition.[1] In a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), Gibler's counsel states that there are no legitimate issues for presentation on appeal and moves for leave to withdraw. We grant counsel's motion to withdraw, deny a COA, and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although Gibler did not file a formal request for a COA, his notice of appeal constitutes such a request under Fed. R. App. P. 22(b)(2).

**I**

In September 2006, a federal grand jury indicted Gibler and eight co-defendants on twenty-seven counts related to the trafficking of illegal drugs. The government filed an enhancement information pursuant to 21 U.S.C. § 851, seeking to subject Gibler to an increased sentence based on a prior felony conviction for possession of cocaine. After trial began, Gibler entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement with the government. He agreed to plead guilty to conspiracy to manufacture, distribute, or possess with intent to distribute more than fifty grams of cocaine base. In exchange, the government dropped the remaining charges against him. Rather than face a potential life sentence, Gibler was sentenced to 324 months' imprisonment.

Gibler then filed a 28 U.S.C. § 2255 habeas petition arguing that his defense counsel was ineffective for failing to investigate whether his prior conviction for possession of cocaine actually qualified him for an enhancement under 21 U.S.C. § 851.[2] Gibler alleged that if counsel had adequately informed him of the statute's definition of "serious drug offense," he would not have pled guilty.[3] According to Gibler, counsel's

---

[2] Gibler also alleged that his attorney failed to investigate whether a prior conviction for aggravated robbery qualified him for a sentencing enhancement under § 851. However, the government's information only cited Gibler's prior conviction for possession of cocaine, and thus Gibler could not have received a sentencing enhancement under § 851 due to a prior conviction for aggravated robbery. See id.

[3] Section 851 does not actually contain the phrase "serious drug offense." Rather, § 841(b)(1)(A) provides for an increased sentence if an individual commits an offense
Continued . . .

failure to inform him of the true nature of the sentencing enhancement rendered his guilty plea involuntary.

After denying a government motion to enforce the plea agreement's waiver of habeas remedies, the district court granted Gibler's request for an evidentiary hearing and appointed counsel. At the evidentiary hearing, Gibler abandoned the arguments contained in his petition, agreeing with his habeas counsel's conclusion that § 851 did not present a viable avenue for relief. Gibler instead argued that trial counsel was ineffective for failing to explain that he could contest certain facts related to his offense level. After hearing testimony from Gibler and trial counsel, the district court concluded that Gibler's new arguments fell within the scope of his appellate waiver and that they did not warrant relief. The court denied Gibler's habeas petition and his request for a COA. This appeal followed.

**II**

Because the district court did not grant him a COA, Gibler may not appeal its decision absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(B). We may issue a COA only if "reasonable jurists could debate whether (or, for that matter, agree

involving fifty grams or more of a substance containing cocaine base "after a prior conviction for a <u>felony drug offense</u> has become final" (emphasis added). Because §§ 841 and 851 are interrelated, we liberally construe Gibler's reference to the phrase "serious drug offense" to refer to the phrase "felony drug offense" in § 841(b)(1)(A). <u>See</u> <u>Hunt v. Uphoff</u>, 199 F.3d 1220, 1223 (10th Cir. 1999) (pro se litigants' filings must be liberally construed).

that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

In his briefing to this court, Gibler does not challenge the district court's conclusion that the evidence presented at his evidentiary hearing was insufficient to warrant habeas relief. Instead, he asserts for the first time that habeas counsel was ineffective for failing to make other claims concerning the validity of his sentence. We must reject Gibler's argument because a habeas petitioner has no constitutional right to effective assistance of counsel in postconviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).[4]

## III

Because the district court's resolution of Gibler's § 2255 petition is not subject to debate and the issues Gibler seeks to raise on appeal are not adequate to deserve further proceedings, we **DENY** Gibler's request for a COA and **DISMISS** this appeal. We

---

[4] In a related vein, we remind counsel that Anders "established a prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel." Id. Because there is no constitutional right to effective assistance of counsel in habeas cases, counsel for a habeas petitioner need not rely on the Anders procedure.

- 4 -

**GRANT** counsel's motion for leave to withdraw.

Entered for the Court

Carlos F. Lucero
Circuit Judge