FILED
United States Court of Appeals
Tenth Circuit

July 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DESMOND W. THOMPSON,

    Defendant-Appellant.

No. 12-2010
(D.C. Nos. 1:10-CV-00718-JEC-CG
and 1:09-CR-00489-JEC-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Desmond W. Thompson pleaded guilty to two drug charges and agreed to a

120 month sentence, the statutory minimum. His plea agreement included a

waiver of his appellate rights and his attorney did not file a direct appeal on his

behalf. Instead, sometime later Mr. Thompson brought a federal habeas petition

under 28 U.S.C. § 2255 arguing, among other things, that his plea was

involuntary and his counsel ineffective. In the course of reviewing the petition,

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court decided to investigate Mr. Thompson's claim that he asked his attorney to file an appeal, but his attorney refused. To investigate this claim, the district court appointed counsel and a magistrate judge held an evidentiary hearing. Eventually, the magistrate judge found Mr. Thompson's original attorney credible in his memory that Mr. Thompson never asked him to file an appeal, and the district court accepted that credibility determination and denied Mr. Thompson's petition. The court also denied Mr. Thompson a certificate of appealability (COA). Before us, Mr. Thompson does not expressly request a COA in order to appeal the district court's decision, but his notice of appeal constitutes such a request. *See* Fed. R. App. P. 22(b)(2).

We may grant this request, however, only if Mr. Thompson makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires him to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

Mr. Thompson has not met this standard. A defendant's guilty plea, including a waiver of appellate rights, is enforceable when made knowingly and voluntarily. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). We must agree with the district court that Mr. Thompson has identified no

evidence to suggest that his plea was anything less than voluntary.  Neither does Mr. Thompson give us any reason to find that the district court's factual findings as to his attorney's performance were clearly erroneous.  *See United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006).  Accordingly, because we conclude that no reasonable jurist would debate the district court's disposition of Mr. Thompson's claims, we deny his application for a COA and dismiss his appeal.

This leaves us with the matter of Mr. Thompson's habeas counsel's motion to withdraw.  Todd Hotchkiss was appointed to represent Mr. Thompson in his § 2255 petition and now seeks to withdraw from that representation and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  While we note that the *Anders* procedure is unnecessary in habeas cases, *see United States v. Gibler*, 390 F. App'x 829, 831 n.4 (10th Cir. 2010) (unpublished), we grant Mr. Hotchkiss's motion to withdraw.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge