FILED
United States Court of Appeals
Tenth Circuit

January 11, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DERIC A. MALONE,

    Defendant - Appellant.

No. 12-3110
(D.C. Nos. 2:11-CV-02216-KHV and
2:09-CR-20159-KHV-1)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Deric A. Malone seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2255 habeas petition. United States v. Malone, No. 11-2216-KHV, 2012 WL 996908 (D. Kan. Mar. 22, 2012); United States v. Malone, No. 11-2216-KHV, 2012 WL 380239 (D. Kan. Feb. 6, 2012). Mr. Malone's counsel has filed a brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Because Mr. Malone has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the appeal. We also grant counsel's motion to withdraw.

## Background

In February 2010, Mr. Malone pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), and agreed to a sentence of 188 months' imprisonment and three years' supervised release. I R. 27; see Fed. R. Crim. P. 11(c)(1)(C). As part of the plea agreement, Mr. Malone waived the right to appeal or collaterally attack his conviction and sentence, except for ineffective assistance of counsel claims. I R. 32, 33. Prior to sentencing, Mr. Malone filed pro se objections to his presentence investigation report, in which he challenged the finding that he was an armed career criminal subject to certain mandatory minimum sentences. Id. at 36; see III R. 9, 13. He specifically objected to counting his two convictions for distribution of cocaine, committed on different days but charged in the same indictment, as separate offenses. See I R. 36; III R. 13. Notwithstanding this objection, on May 18, 2010, the court sentenced Mr. Malone in accordance with his plea agreement, and he did not appeal. I R. 37–42.

In April 2011, Mr. Malone filed a habeas petition alleging that counsel was ineffective for (1) failing to object to his status as a career offender, and (2) failing to file a direct appeal. Id. at 43–52. The court rejected the first claim, finding that counsel had no basis to challenge his status as a career offender, but granted an evidentiary hearing and appointed counsel on the second claim. Malone, 2012 WL 380239, at *4. Both Mr. Malone and his original counsel, Mr.

Harris, testified at the hearing. II R. 5–57. Crediting the testimony of Mr. Harris, the court found that Mr. Malone never asked counsel to file an appeal. Malone, 2012 WL 996908, at *2. The court dismissed the claim and denied a COA. Id.

Mr. Malone timely filed a notice of appeal, and his appointed counsel, Mr. Morris, filed an Anders brief. Mr. Malone filed a response to the Anders brief, in which he reargued for a COA and habeas relief. The government filed notice that it would not respond.

## Discussion

A COA requires that an applicant make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

Mr. Malone's raises two ineffective assistance of counsel claims. To prevail on such a claim, the movant must demonstrate that (1) defense counsel's performance was deficient, meaning counsel's "representation fell below an objective standard of reasonableness" and (2) defendant was prejudiced by counsel's performance, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "These two prongs may be addressed in any order, and failure to satisfy either is dispositive." Hooks v. Workman, 689 F.3d 1148, 1186 (10th Cir. 2012) (citation omitted).

Mr. Malone first argues that counsel was ineffective for failing to object to his status as a career offender. Aplt. (Pro Se) Br. 1. The district court rejected this claim on the ground that counsel's performance was not deficient because counsel had no basis to challenge Mr. Malone's status as a career offender. Malone, 2012 WL 380239, at *3–4. While we agree with this disposition, by the terms of his plea agreement, Mr. Malone agreed to a sentence of 188 months' imprisonment. See I R. 27. Accordingly, he cannot show prejudice because his plea agreement provided for the same sentence, and Mr. Malone does not challenge his plea agreement here. We do not believe that reasonable jurists could debate this conclusion.

Mr. Malone next argues that counsel was ineffective for failing to file a direct appeal. Aplt. (Pro Se) Br. 8. After an evidentiary hearing on the issue, the court found that counsel's performance was not deficient because Mr. Malone never asked Mr. Morris to file an appeal. Malone, 2012 WL 996908, at *2. Of course, we are bound by the district court's factual findings unless clearly erroneous and these are not. See United States v. Denny, 694 F.3d 1185, 1189 (10th Cir. 2012). The court credited the testimony of Mr. Malone's original counsel, Mr. Harris, that he would have filed an appeal if asked to do so, and that

he had filed similar appeals on some twenty-four occasions in the past twelve years.  Malone, 2012 WL 996908, at *2 n.7.  Mr. Malone gives us no reason to disrupt this finding.  We do not believe that reasonable jurists could debate this conclusion.

We finally address counsel's motion to withdraw.  The court appointed Mr. Morris to represent Mr. Malone at the evidentiary hearing.  See Malone, 2012 WL 380239, at *4.  Although the Anders procedure is unnecessary in habeas cases, see United States v. Thompson, 470 F. App'x 715, 717 (10th Cir. 2012), we will grant the motion.

We DENY a COA, DISMISS the appeal, and GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge